IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-01042-PAB-MJW

TRUEPOSITION, INC.,

Plaintiff(s),

v.

POLARIS WIRELESS, INC.,

Defendant(s).

---

## ORDER REGARDING
## NON-PARTY MARK D. CARLETON'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA (DOCKET NO. 2)

---

**Entered by Magistrate Judge Michael J. Watanabe**

        This matter is before the court on a discovery dispute related to a Patent

Infringement case captioned TruePostion, Inc. v. Polaris Wireless, Inc., filed in the

United States District Court for the District of Delaware under case no. 12-CV-00646-

UNA.  The subject motion before this court for consideration and ruling is Non-Party

Mark D. Carleton's Motion for Protective Order and to Quash Deposition Subpoena

(docket no. 2).  The court has reviewed the subject motion (docket no. 2) and the

response by Defendant Polaris Wireless, Inc. (docket no. 7).  In addition, the court has

taken judicial notice of the court's file and the District of Delaware case listed above and

has considered applicable Federal Rules of Civil Procedure and case law.  The court

now being fully informed makes the following findings of fact, conclusions of law, and

2

order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this dispute;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 2);

4.      That the underlying '299 Patent Infringement lawsuit is filed in the United States District Court for the District of Delaware under case no. 12-CV-00646-UNA. In the '299 Patent Infringement case, Plaintiff TruePosition, Inc. [hereinafter Plaintiff TruePosition] seeks the following relief:

   a.      Permanently enjoining Polaris, and those in active concert with Polaris, from further infringement on the '299 Patent;

   b.      Declaring that Polaris has directly infringed and is directly infringing the '299 Patent;

   c.      Declaring that Polaris has indirectly infringed and is indirectly infringing the '299 Patent;

   d.      Awarding TruePosition damages adequate to compensate TruePosition for Polaris's direct and indirect infringement, but in no event less than a reasonable royalty for Polaris's use of the patented invention, together with prejudgment and

3

post-judgment interest and costs, as fixed by the Court and as provided in 35 U.S.C. § 284;

e.     Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding treble damages against Polaris, as provided by 35 U.S.C. § 284;

f.     Awarding TruePosition its attorneys' fees incurred in prosecuting this action against Polaris, as provided by 35 U.S.C. § 285; and

g.     Awarding TruePosition such other relief as the Court deems just and proper.   See District of Delaware Complaint - Prayer for Relief section -  attached to the subject motion (docket no. 2).

That the relief sought by Plaintiff TruePosition seeks a very substantial damage award, including treble damages, attorney's fees, costs, pre-judgment, and post-judgment interest.

5.     That the Non-Party Mark D. Carleton [hereinafter Non-Party] lives in Colorado and is neither an officer nor an employee of Plaintiff TruePosition.  He is a senior Vice President of TruePosition's parent company, Liberty Media Corporation [hereinafter Liberty Media], and chairman of TruePosition's board of directors;

6.     That the Non-Party argues that the court should not allow Defendant Polaris Wireless, Inc. [hereinafter Defendant Polaris] to depose him under the "apex" doctrine because: (1) he lacks

4

personal and unique knowledge of the facts of this case and matters relating to this case.  He has limited, indirect, and non-unique information regarding the subjects listed in the subpoena that was served upon him by Defendant Polaris.  He has no unique or personal knowledge of the patent in question in this lawsuit, the products involved with such patent, or any of the issues involved in this lawsuit; (2) Defendant Polaris has not sought the discovery of the topics listed the subpoena served upon the Non-Party from lower-level corporate employees of Plaintiff TruePosition. Defendant could depose other lower-level corporate employees of Plaintiff TruePostion who have knowledge of the topics listed in the subpoena served upon the Non-Party.  These other lower-level corporate employees are Michael Hoppman, Chief Financial Officer; Robert Anderson, Chief Technology Officer; David Curran, a Director of Internal Operations; Brian Bolan, a Director of Product Line Management; and David McHoul, a Marketing Manager;  (3) the deposition requested of the Non-Party is being used to harass the Non-Party; and (4) the Non-Party was not listed in any of the Rule 26(a)(1) disclosures;

7.    Defendant Polaris argues that the Non-Party has unique personal knowledge regarding matters relevant to the underlying litigation, including purported loss-profit damage and objective indicia of patent non-obviousness information.  In addition, Defendant

5

Polaris argues that the Non-Party has had mulitple communications with Defendant Polaris CEO Manlio Allegra wherein the Non-Party confirmed that he was, and is, responsible for Plaintiff TruePosition's business within its parent company, and for all strategic decisions at Plaintiff TruePosition, including independent decisions regarding mergers and acquisitions and general corporate strategy. See affidavit of Allegra attached to the Response (docket no. 7).;

8.    Courts have broad authority to enter protective orders upon a showing of good cause "to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).


Applying the Rule 26(c) standard, the United States Court of Appeals for the Tenth Circuit affirmed the issuance of a protective order of a high-level corporate official in the case of <u>Thomas v. International Business Machines</u>, 48 F.3d 478, 483 (10th Cir. 1995). In that case, the Tenth Circuit relied on the following facts in upholding the protective order: (1) the deposition imposed "severe hardship" on the deponent, (2) the reasons for the deposition were of little relevance to the plaintiff's lawsuit, (3) the deponent lacked personal knowledge about the plaintiff, (4) nothing in the record demonstrated that the defendant failed to make individuals with

6

knowledge available, and (5) the last-minute nature of the

deposition. Id. at 483-84.  On the other hand, there is case law that

states that highly-ranking executives are not immune from

discovery.  The fact that an executive has a busy schedule cannot

shield that witness from being deposed.  Six West Retail

Acquisition, Inc., v. Sony Theatre Management Corp., 203 F.R.D.

98, 102 (S.D.N.Y. 2001); and

9.     That the Non-Party has demonstrated that he has substantial duties

in his position as a senior Vice President of TruePosition's parent

company, Liberty Media, and as chairman of TruePosition's board

of directors.  There is always an argument that all high-level

executives are busy, just like trial lawyers and trial judges could

argue that we are always busy.  However, in this case, there are

conflicting affidavits that have been presented to this court by the

Non-Party and Defendant Polaris concerning the subject motion.

These affidavits are in direct conflict as to the level of involvement,

knowledge, and relevant information that the Non-Party possesses

concerning material disputed issues in the lawsuit.  Plaintiff has

offered other lower-level employees, as listed above in paragraph

6, to respond to those topics as outlined the subpoena served upon

the Non-Party.  At this point, according to the moving papers, no

depositions of these lower-level corporate employees have been

taken.  In balance, I conclude that the discovery process is

designed to narrow the dispute issues in a case, and the deposition

of the Non-Party will assist in narrowing the disputed issues in this

case.  Defendant Polaris has demonstrated that the Non-Party has

unique and relevant information that may lead to admissible

evidence at trial on the those topics as outlined in the subpoena

that was served upon the Non-Party.  The hardship to the Non-

Party to have his deposition taken is outweighed by the need for

this discovery.  I note that the Non-Party resides in Colorado, and

the deposition should take place in Colorado where the Non-Party

resides.  Further, the parties could schedule the Non-Party's

deposition on a weekend in order to minimize any impact on the

Non-Party from his duties as the senior Vice President of

TruePosition's parent company, Liberty Media, and as chairman of

TruePosition's board of directors.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.  That the Non-Party Mark D. Carleton's Motion for Protective Order

and to Quash Deposition Subpoena (docket no. 2) is **DENIED**.  The

parties shall forthwith set a date, time, and location for the Non-

Party Mark D. Carleton consistent with D.C.COLO.LCivR 30.1, Fed.

R. Civ. P 30, and Fed. R. Civ. P. 45.  The parties should work with

8

Mr. Carleton's calendar to try to minimize the impact upon him and, if necessary, set his deposition on a weekend if requested by the Non-Party Mr. Carleton.  The location of the Non-Party Mr. Carleton's deposition shall take place in Colorado unless otherwise agreed to among the parties and the Non-Party Mr. Carleton; and

2.     That each party and Non-Party Mark D. Carleton shall pay their own attorney fees and costs for this motion.


Done this 16th day of May 2013.


                              BY THE COURT


                              s/Michael J. Watanabe
                              MICHAEL J. WATANABE
                              U.S. MAGISTRATE JUDGE